CENTRAL TRUST Co. and another *v.* WABASH, ST. L. & P. RY. Co. and others. (ELMS, Intervenor.)

*(Circuit Court, E. D. Missouri. March 24, 1887 )*

1. RAILROAD COMPANIES—KILLING STOCK—DOUBLE DAMAGE ACT—NORTH MISSOURI RAILROAD COMPANY.
    The Missouri double damage act is not applicable to the successor of the North Missouri Railroad Company.
2. COURTS—FEDERAL AND STATE—CONSTRUCTION OF STATUTES—POLICE REGULATIONS.
    A local double damage act is a police regulation; and a decision of the state supreme court as to whether such a state statute is applicable to a particular corporation, in view of its charter, should be followed by the federal tribunals.
3. SAME—RECEIVERSHIP.
    Where, but for the existence of a receivership, the rights of an intervenor would be determined by the laws of the state in which he resides, as interpreted by its supreme court, the fact that a receivership has been instituted should not be allowed to operate to increase his rights.

In Equity.
*Ford & Payne*, for intervenor.
*George J. Grover*, for receivers.

BREWER, J., (*orally.*) The intervening petition of James C. Elms in the *Wabash Case* was filed under the double damage act. The supreme court of this state in *Daniels* v. *St. Louis, K. C. & N. Ry. Co.*, 62 Mo. 43, held that that act was not applicable to the North Missouri road, or any road which succeeded to its rights. Unless we disregard that decision, the exceptions to the master's report must be overruled. Counsel for the petitioner insisted very strenuously that we ought not to follow that decision, claiming that it was not well considered, and that it was not a proper construction of the local damage act as applied to the North Missouri charter. We think we ought to follow it. It is a construction placed by the supreme court of the state upon one of the police regulations of the state. There is no matter of contract in this case. There is certainly no natural right on the part of any one to be paid twice for the value of property which is destroyed. This is not a question which arises between citizens of two states, for the intervenor is a

citizen of this state, and the Wabash Railroad, succeeding to the North Missouri, is a corporation of this state. Without the receivership, it is clear that the rights of the intervenor would be determined by the laws of the state as interpreted by its supreme court; and the mere fact that a receivership has been instituted ought to give no citizen of the state any greater rights than he would have had otherwise. For these reasons we think we are bound to follow the decision of the supreme court of Missouri; and in so doing the exceptions must be overruled, and the report of the master confirmed.